UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GRAPHIC PACKAGING

INTERNATIONAL, INC.

                            CIVIL ACTION

VERSUS

                            NO. 13-CV-231-SDD-RLB

DUCHARME, MCMILLEN,

AND ASSOCIATES, INC.

**RULING AND ORDER**

The matter before the Court is Defendant's DuCharme, McMillen, and Associates, Inc. ("DMA") *Motion to Dismiss* (Rec. Doc. 2). DMA moves to dismiss without prejudice "in favor of arbitration" and on the grounds that the plaintiff's claims arise out of and/or relate to the Professional Services Agreement ("PSA") and are subject to a binding arbitration provision in the PSA.

**I.    Factual Background**

Jurisdiction is based on 28 U.S.C. §1332. Plaintiff, Graphic Packaging International, Inc. ("GPI") filed suit against DMA alleging professional negligence, malpractice, and general negligence for failing to timely and properly prepare and file a 2007 Ouachita Parish Tax Refund Requests and 2007 State Tax Refund Request. On August 9, 2010, GPI and DMA entered into a

Professional Service Agreement ("PSA") which provided that DMA would review GPI's West Monroe facility tax returns for the period of 2007 to the present (2010) to determine whether Plaintiff was entitled to any tax savings. The PSA included an arbitration clause which states in part that the "parties must arbitrate any dispute arising out of or related to the agreement or its breach." After reviewing GPI's books, DMA found GPI was entitled to tax savings. On December 6, 2010, the parties executed a Louisiana Power of Attorney and Declaration of Representation and forwarded a request to the taxing authorities (City of Monroe and State of Louisiana) authorizing DMA to file for tax refunds.  The filing deadline was December 31, 2010. DMA mailed the tax forms on December 30, 2010. The taxing authorities received the tax refund forms on January 3, 2011. The taxing authorities denied the refund requests contending *inter alia* the forms were filed untimely and were insufficient. Thus, GPI alleges negligence by DMA.

## II.    Law and Analysis

### A.    Are GPI's Claims Arbitrable

Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit."[1] Arbitration agreements are generally favored under the law.[2]  Whether the parties have submitted a particular dispute to arbitration, *i.e.,* the "*question of arbitrability,*" is "an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise."[3] Any doubts concerning the scope of arbitrable issues are resolved in favor of arbitration.[4] Determining whether the parties agreed to arbitrate the dispute involves two considerations: (1) whether a valid agreement to arbitrate between the parties

---

[1] *Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347 (1960).
[2] *Howsam v. Dean Witter Reynolds, Inc.* 537 U.S. 79; 123 S.Ct. 588, 591 (2002); cited *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25, 103 S.Ct. 927, (1983).
[3] *Howsam* at 591; cited  *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 649, 106 S.Ct. (1986)(emphasis added).
[4] *AT&T Technologies* at 650.

exists; and (2) whether the dispute in question falls within the scope of that arbitration agreement.[5]

In the present case, there is no dispute that the PSA provided for arbitration. The bone of contention is whether the plaintiff's negligence claims constitute a "[a] dispute arising out of or related to the agreement or its breach."[6] GPI contends that the scope of DMI's engagement under the PSA is limited to review and recommendation services and therefore DMI's negligent filing of a refund request is not within the scope of the agreement to arbitrate. GPI relies on contract language which provides that "DMA will prepare and provide a report of findings and recommendation at the conclusion of the review,"[7] However GPI fails to give any credence to the immediately preceding contractual provision which states: "if DMA review shows that the client [GPI] is entitled to any tax savings, client [GPI] authorizes DMA to obtain the tax savings."[8] Furthermore, DMA's compensation under the contract was based solely on the refund amounts it was able to obtain for GPI. The only consideration under the contract was payment in exchange for obtaining tax relief.[9]

Relying on the Fifth Circuit in *Dr. Kenneth Ford v. NYL Care Health Plans of Gulf Coast, Inc.*[10], GPI argues that its tort claims against DMA is not "so interwoven with the contract that [they] cannot stand alone."[11] The Fifth Circuit in *Ford* applied well established law that a tort claim is arbitrable if it is "so interwoven with the contract that it could not stand alone, but is not arbitrable if it is completely independent of the contract and could be maintained without

---

[5] *Pennzoil Exploration and Production Co. v. Ramco Energy, Ltd.,* 13 F.3d at 1065; *Hornbeck Offshore Corp. v. Coastal Carriers Corp.,* 981 F.2d 752, 754 (5th Cir. 1993).
[6] PSA, ¶ 2.
[7] GPI cites ¶ 1.1.1 of the PSA.
[8] PSA ¶ 1.1.
[9] PSA, § 2.
[10] *Dr. Kenneth Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 141 F.3d 243 (5th Cir. 1998).
[11] Rec. Doc. 5, p. 10.

reference to a contract."[12]   As explained by the Fifth Circuit "a dispute arising out of a contractual relationship may give rise to both breach of contract and tort claims at the same time. Basing the arbitrability of an action merely on the legal label attached to it would allow artful pleading to dodge arbitration of a dispute otherwise "arising out of or relating to" (or legally dependent on) the underlying contract. To avoid this contrivance, courts look at the facts giving rise to the action and to whether the action "*could be* maintained without reference to the contract".[13]

The review and recommendation contemplated by the PSA was a necessary prerequisite to seeking a tax refund.  GPI argues that DMA's contractual obligation under the PSA was limited to "review and recommendation" however, such a reading leads to absurd consequences, namely a lack of consideration, since the only quid pro quo in the PSA was for DMA to be paid for obtaining tax refunds. In summary, GPI's claims could just as easily be asserted as breach of contract claims and thus its claims, although styled as torts, are arbitrable.

### B.   Dismissal or Stay

A dismissal without prejudice is a dismissal that occurs without any adjudication on the merits.[14] The dismissal of an action without prejudice leaves the parties as though the action had never been brought [15] whereas a dismissal with prejudice is a "drastic remedy to be used only in

---

[12] *Ford,* 141 F.3d at 250 (5th Cir. 1998)(citing *X.L. Ins. Co. v. Hartford Accident & Induem.Co.,* 918 S.W.2d 687, 689(Tex. App. 1996, writ requested)).
[13] *Id*. at 250-251
[14] *See Bonneville Assocs. Ltd. P'ship v. Barram,* 165 F.3d 1360, 1364 (Fed.Cir.1999)(stating that "[t]he rule in the federal courts is that '[t]he effect of a voluntary dismissal without prejudice pursuant to [Federal Rule of Civil Procedure] 41(a) is to render the proceedings a nullity and leave the parties as if the action had never been brought.'" (quoting *Williams v. Clarke,* 82 F.3d 270, 273 (8th Cir.1996)).
[15] *Id.*

those situations where a lesser sanction would not better serve the interest of justice."[16] Generally, a motion for voluntary dismissal may be granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.[17] According to Federal Rules of Procedure Rule 41(a)(2), a motion for voluntary dismissal should be granted but only if there is absence of evidence of abuse by the movant.[18]

GPI argues against dismissal without prejudice principally to protect its negligence claims from prescription. DMA argues that prescription is a matter left to an arbitrator and should not be considered by the court in its consideration of a motion to dismiss. However this court may in its discretion consider prescription in its reasoning. For example, in *Elboar v. Tripath Imaging, Inc.,* the court held the district court did not abuse its discretion in refusing to grant voluntary dismissal of certain claims since the defendant in the case would be prejudiced because such dismissal would potentially strip it of a viable statute of limitation defense to those claims.[19] The Court is persuaded by the reasoning of the Western District of Louisiana when presented with similar considerations.[20] The court finds that equity requires that this matter be stayed pending arbitration. Because the court will order a stay pending arbitration, the court need not reach plaintiff's argument that the subject *Motion to Dismiss* is an improper procedural vehicle. In any event, the Fifth Circuit has consistently held that if all of the issues raised before the district court are arbitrable, dismissal is not inappropriate.[21]

---

[16] *Burden v. Yates*, 644 F.2d 503,505 (5th Cir. 1981)(quoting *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970).
[17] *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317, (5th Cir. 2002).
[18] *Id.*
[19] *Id.* at 319
[20] *Krystal Nabors v. H S S Systems LLC,* 2012 WL 3111628 (W.D. La. 7/5/12) (Hill, J.); *Nabors*, 2012 WL 3111622 (W.D. La. 7/31/12) (Doherty, J., adopting the Report and Recommendation); 781 F.Supp.2d 370 (W.D. La. 3/10/11) (Melancon, J., adopting the Report and Recommendation).
[21] *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992)(the weight of authority clearly supports dismissal of the case when all of the issues raised in district court must be submitted to arbitration).

For the above reasons;

IT IS ORDERED THAT this matter be and is hereby STAYED pending binding arbitration. Ordered this 10th day of July 2013.

*Shelly D. Dick*

SHELLY D. DICK
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA